UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHESAPEAKE BAY FOUNDATION, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**U.S. ARMY CORPS OF ENGINEERS,**<br><br>Defendant. | Civil Action No. 09-1054 (JDB) |

## MEMORANDUM OPINION

Plaintiff Chesapeake Bay Foundation, Inc. ("CBF") brings this action against the United States Army Corps of Engineers pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., seeking records pertaining to permits for development on two islands in the Magothy River, a tributary of the Chesapeake River. Now before the Court are the parties' cross-motions for summary judgment. At issue is whether the Corps properly withheld certain records from disclosure pursuant to FOIA exemptions 5 and 7.

## BACKGROUND

In April 2007, CBF submitted a FOIA request to the Corps of Engineers seeking records "pertaining to permit requests and supporting documentation for the development of Little Island and Dobbins Island on the Magothy River in Maryland." Compl. ¶ 1. Specifically, CBF sought

> any and all permit requests, permit approval[s] and denials and all supporting documents pertaining to applications submitted by the following for development and revetment of Dobbins Island and Little Island in the Magothy River: Mr. Daryl Wagner, Dutchship LLC, Mr. David Clickner, Mrs. Diana Clickner.

Compl. ¶ 13.

A year after CBF submitted its request, the Corps "produced 126 pages of records, but

withheld 497 pages of records claiming that the records were exempt from disclosure under FOIA Exemptions 5 and 7(a)." Compl. ¶ 16. The Corps also determined that none of the withheld documents contained segregable, non-exempt information. See Def.'s Mem. in Supp. of Mot. for Summ. J. ("Def.'s Mem.") [Docket Entry 14], at 14. CBF administratively appealed the Corps's response, "contesting that all of the withheld records were exempt from the FOIA," and "request[ing] that the [Corps of Engineers] produce a Vaughn index describing who the withheld documents were generated by, who it was provided to, the date of the document, a description of the document . . . , and a brief summary of the contents of the document." Compl. ¶ 18 (quotation omitted). The Corps never responded to this appeal, and CBF brought this action.

Notwithstanding its dilatoriness, the Corps of Engineers has moved for summary judgment with respect to the propriety of the claimed exemptions and the efficacy of its segregability determination. CBF challenges the Corps's motion for summary judgment, concluding that the Court should grant summary judgment in its favor.

## STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party opposing a motion for summary judgment, however, "may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or

as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Any factual assertions in the movant's affidavits will be accepted as true unless the opposing party submits its own affidavits or other documentary evidence contradicting the assertion. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA requires federal agencies to release all records responsive to a proper request except those protected from disclosure by one or more of nine enumerated exemptions set forth at 5 U.S.C. § 552(b). A district court is authorized "to enjoin [a federal] agency from withholding agency records or to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B); see also Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 139 (1980). The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. Cent. Intelligence Agency, 607 F.2d 339, 352 (D.C. Cir. 1978) (internal citation and quotation omitted); accord Maydak v. Dep't of Justice, 218 F.3d 760, 764 (D.C. Cir. 2000). The district court may award summary judgment to an agency solely on the basis of information provided in affidavits or declarations that describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981); accord Vaughn v. Rosen, 484 F.2d 820, 826 (D.C. Cir. 1973).

## ANALYSIS

According to the Corps of Engineers, the 497 pages of undisclosed records at issue here relate to "pending Corps of Engineers enforcement investigations and permit actions involving . . . Little Island [and] Dobbins Island." Def.'s Mem., Statement of Undisputed Material Facts, ¶ 10. Hence, the Corps contends that the information contained in these documents is properly withheld pursuant to FOIA exemption 7 to ensure that disclosure does not "interfere with the Corps of Engineer's [sic] attempts to enforce the Clean Water Act." Def.'s Mem. at 6. Exemption 7 applies to "records or information compiled for law enforcement purposes, but only to the extent that the production of such records or information" would "reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. §§ 552(b)(7)(A). Here, the Corps asserts that disclosure would dissuade people "from cooperating with the agency" during enforcement actions because "[i]ndividuals may be deterred from providing information to the Corps." Def.'s Mem. at 6; Def.'s Mem., Declaration of Sandra Zelen ("First Zelen Decl."), ¶ 4.

The Corps also seeks to withhold documents pursuant to FOIA exemption 5 to ensure "honest and frank communication within the agency." Def.'s Mem. at 13. Exemption 5 applies to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "'Courts have construed this exemption to encompass the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context, including materials which would be protected under the attorney-client privilege, the attorney work-product privilege, or the executive deliberative process privilege.'" Rockwell Int'l Corp. v. Dep't of Justice, 235 F.3d 598, 601 (D.C. Cir. 2001) (quoting Formaldehyde Inst. v. Dep't of Health and Human Servs., 889 F.2d

1118, 1121 (D.C. Cir. 1989)).  Here, the Corps withholds records pursuant to the deliberative process privilege.  See Def.'s Mem. at 7.  In the FOIA context, the deliberative process privilege applies to inter- or intra-agency documents that are both predecisional and deliberative.  See Baker & Hostettler LLP v. Dep't of Commerce, 473 F.3d 312, 321 (D.C. Cir. 2006).

The agency bears the burden of justifying any withholding.  See 5 U.S.C. § 552(a)(4)(B); see also Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 861 (D.C. Cir. 1980) ("[T]he burden is on [the agency] to establish [its] right to withhold information from the public.").  "[W]hen an agency seeks to withhold information, it must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."  Morley v. Cent. Intelligence Agency, 508 F.3d 1108, 1122 (D.C. Cir. 2007).  This justification -- taking the form of a Vaughn index, sufficiently detailed affidavits or declarations, or both -- "must explain specifically which of the nine statutory exemptions to FOIA's general rule of disclosure supports the agency's decision to withhold a requested document or to delete information from a released document."  Founding Church of Scientology, Inc. v. Bell, 603 F.2d 945, 947 (D.C. Cir. 1979); see also Vaughn, 484 F.2d at 827.  Therefore a "'[c]ategorical description of redacted material coupled with categorical indication of anticipated consequences of disclosure is clearly inadequate.'"  Morley, 508 F.3d at 1122 (quoting King v. Dep't of Justice, 830 F.2d 210, 224 (D.C. Cir. 1987)).

**A.**

To fulfill FOIA's mandate to provide detailed support for its withholdings, the Corps has submitted declarations from Carl Lorenz, legal advisor to the Secretary of the Army, and Sandra

Zelen, Enforcement Program Manager for the United States Army Engineer District, Baltimore. See Def.'s Mem., Declaration of Carl Lorenz ("Lorenz Decl."), ¶ 1; First Zelen Decl. at ¶ 1; Def.'s Reply in Supp. of Mot. for Summ. J. ("Def.'s Reply") [Docket Entry 19], Decl. of Sandra Zelen ("Second Zelen Decl."), ¶ 1. Yet despite the fact that the Corps has withheld nearly 500 pages of records, the three declarations contain but a few cursory paragraphs addressing the applicability of the exemptions to the disputed documents. In support of the Corps's withholding of documents pursuant to exemption 5, Lorenz asserts only that "[r]ecords relating to deliberative process within the Corps or between the Corps and the Maryland Department of Environment were flagged." Lorenz Decl. at ¶ 6. And to support the claims under exemption 7, Lorenz states only that "[b]ecause the Corps had an enforcement pending for potential permit non-compliance on Little Island [and Dobbins Island], certain records relating to those investigations were flagged for potential withholding under exemption 7." Id.

Zelen's declarations are similarly categorical. She contends that "[r]elease of the requested documents in these files would interfere with these investigations and jeopardize the unresolved enforcement actions." First Zelen Decl. at ¶ 10. She further assures the Court that "[b]ased upon my 20 years of enforcement experience, individuals have been deterred from providing information to the Corps when their identity and information provided was released to the public." Id. Although in her second declaration Zelen sorts the withheld records into various groups -- comprising, for example, "letters from concerned citizens" and "copies of photographs obtained during the course of the enforcement action" -- she simply repeats the same vague and conclusory justifications for withholding the documents. See, e.g., Second Zelen Decl. at ¶ 5B ("Disclosure of these documents would reveal the position of the Corps and [the Maryland

Department of the Environment] during the ongoing negotiations and potentially impede the enforcement action."); id. at 5C ("Release of the opinions of individual enforcement agents to the public would discourage the free exchange of opinion during the decision-making process."); id. at ¶ 5E ("Allowing information to be released during an investigation therefore would betray public trust and impede prospective enforcement actions, including this one.").

Declarations that contain "merely a 'categorical description of redacted materials coupled with categorical indication of anticipated consequences of disclosure [are] clearly inadequate.'" PHE, Inc. v. Dep't of Justice, 983 F.2d 248, 250 (D.C. Cir. 1993) (quoting King, 830 F.2d at 224). Such is the case here: at their most descriptive, the Corps's declarations are nothing more than "vague, broad [, and] wholesale claims of exempt status." Elec Privacy Info. Ctr. v. Dep't of Justice, 511 F. Supp. 2d 56, 73 (D.D.C. 2007). But the Corps of Engineers may not explain itself by "generalities." Judicial Watch, Inc. v. Food & Drug Admin., 449 F.3d 141, 147 (D.C. Cir. 2006). Instead, it must marry a specific exemption with a particular part of the withheld document. See PHE, Inc., 983 F.2d at 250. Because of this failure, the Court cannot assess the propriety of the Corps's withholdings on the basis of the Lorenz and Zelen declarations.

**B.**

Perhaps recognizing the inadequacy of its declarations, the Corps included a Vaughn index with its opposition to plaintiff's cross-motion for summary judgment. The index provides some information regarding the withheld records -- such as dates and brief descriptions of a record's subject -- but it does not describe how the asserted exemptions apply to the withheld documents. See Morley, 508 F.3d at 1122. Nor does it "subdivide the document[s] under consideration into manageable parts cross-referenced to the relevant portion of the government's

justification." Vaughn, 484 F.2d at 827. In short, the index does not, as it must, "specifically identify[] the reasons why a particular exemption is relevant and correlat[e] those claims with the particular part of a withheld document to which they apply." Mead Data Cent., Inc. v. Dep't of the Air Force, 566 F.2d 242, 251 (D.C. Cir. 1977). To be sure, the Corps need not offer "repetitive, detailed explanations for each piece of withheld information." Judicial Watch, Inc. v. Food & Drug Admin., 449 F.3d at 147. But it must provide enough information "to enable the court and the opposing party to understand the withheld information in order to address the merits of the claimed exemptions." Id. at 150.

Connecting the Corps's declarations to the Vaughn index does not cure these deficiencies. Declarations and a Vaughn index may work in tandem, with "the court validating the index because it 'tied each individual document to one or more exemptions, and the [agency's] declaration linked the substance of each exemption to the documents' common elements.'" Morley, 508 F.3d at 1123 (quoting Judicial Watch, Inc. v. Food & Drug Admin., 449 F.3d at 147). But this is possible only where the declarations are specific enough to permit the court to tie an exemption's justification to particular information that was withheld. The Corps's declarations fail in this regard, and therefore even when considered together with the Vaughn index, they cannot sustain the Corps's withholdings.

The Corps's exemption 5 claims readily illustrate this failure. The Corps maintains that it has withheld numerous records pursuant to exemption 5 because they relate to "the deliberative process within the Corps of Engineers or between the Corps and the Maryland Department of Environment." Def.'s Mem. at 7. But to support its claim under exemption 5, the Corps states only that "[r]ecords relating to the deliberative process within the Corps or between the Corps

and the Maryland Department of Environment were flagged for potential withholding under exemption 5."  Lorenz Decl. ¶ 6.  This statement provides no basis for concluding that the withheld information is either predecisional or deliberative, as required for this exemption.  See Baker & Hostettler LLP, 473 F.3d at 321.

Alternatively, the Corps suggests that the Court may determine that withholding was appropriate under exemption 5 merely because the Corps discussed the information either internally or with its consultant, the Maryland Department of Environment.  See Def.'s Mem. at 12.  Not so.  The deliberative process privilege does not generally shield purely factual information from disclosure.  See Judicial Watch, Inc. v. Dep't of Justice, 365 F.3d 1108, 1113 (D.C. Cir. 2004).  Nor does it shield information that the agency fails to place within a particular decisionmaking context.  See Judicial Watch, Inc. v. U.S. Postal Serv., 297 F. Supp. 2d 252, 265-66 (D.D.C. 2004).  By not offering anything beyond the most conclusory statements, the Corps has not carried its burden of demonstrating that exemption 5 applies.

Many of the Corps's exemption 7 claims are similarly deficient.  For example, the Corps seeks to withhold numerous documents comprising investigation materials that are now "in the hands of the actual targets of the investigation and their agents." Pl.'s Reply in Supp. of its Cross Motion for Summ. J. ("Pl.'s Reply") [Docket Entry 21], at 4.  The Corps withholds these documents on the grounds that "[r]elease of the documents in these files would interfere with these investigations and jeopardize the unresolved enforcement actions. . . . Based upon my 20 years of enforcement experience, individuals have been deterred from providing information to the Corps when their identity and information provided was released to the public."  First Zelen Decl. at ¶ 10.  But despite the promise of Ms. Zelen's experience, the Corps does not explain how

its investigation will be impaired by the release of information that the targets of the investigation already possess. See Campbell v. Dep't of Health and Human Servs., 682 F.2d 256, 265 (D.C. Cir. 1982) (agency faces high burden to justify withholding investigation records requested by third party when target of investigation already possesses them). This blithe attempt to fulfill its FOIA obligations typifies the Corps' approach to many of the exemption 7 claims.

### C.

The Corps's summary judgment submissions demonstrate a reflexive attitude of non-disclosure. Such an approach is anathema to the President's directive that "[a]ll agencies should adopt a presumption in favor of disclosure, in order to renew their commitment to the principles embodied in FOIA." 74 Fed. Reg. 4683, at 4683 (Jan. 26, 2009). And it fails to abide with consistent precedent requiring detailed explanations of why each claimed exemptions is relevant to, and correlated with, the withheld records. See Morley, 508 F.3d at 1122. Accordingly, the Court will not grant summary judgment in the Corps of Engineer's favor.

Nevertheless, the Court can imagine that the asserted justifications may be valid as to at least some of the withheld records. Accordingly, the Court will not grant summary judgment in CBF's favor at this time. Rather, if the Corps wishes to maintain its exemption claims, it must supplement its Vaughn index and declarations, adequately describing the records withheld and specifically detailing how the claimed exemptions apply to the withheld information. The Corps must pay particular attention to ensure that the asserted justification actually supports the claimed exemption. Without these additional submissions, the Court -- and CBF -- will continue to labor under an "'asymmetrical distribution[] of knowledge' where the agency alone possesses, reviews, discloses, and withholds the subject matter of the request." Judicial Watch, Inc. v. Food & Drug

Admin., 449 F.3d at 146. And the Corps will be unable to meet its burden "to establish [its] right to withhold information from the public." Coastal States, 617 F.2d at 861.

**D.**

To the extent that the Corps continues to withhold information, it must also ensure that it produces all non-exempt and reasonably segregable information from the withheld records. See Stolt-Nielson Transp. Group Ltd. v. United States, 534 F.3d 728, 733-34 (D.C. Cir. 2008) ("[T]he focus of FOIA is information, not documents, and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material."); Oglesby v. Dep't of the Army, 79 F.3d 1172, 1178 (D.C. Cir. 1996). Although the Corps asserts that "[a] review of Defendant's declarations and attached exhibits reveals that Defendant carefully reviewed the information and confirms that all reasonably segregable, non-exempt material has been released," Def.'s Mem. at 14, it provides no evidence to support this assertion.[1] The Corps, then, asks the Court to take on faith that it has fulfilled this obligation. The Court declines to do so. The Corps must supply the Court with the necessary tools to perform a review of segregability -- this includes not only a detailed justification of the reasons for withholding information, but also a description of the document from which the information was redacted. See Mead Data Cent., Inc., 566 F.2d at 260-61; see also Stolt-Nielson Transp. Group Ltd., 534 F.3d at 734.

## CONCLUSION

For the foregoing reasons, the parties' cross motions for summary judgment are denied without prejudice. Because the Corps's Vaughn submissions are inadequate, it must supplement

---

[1] Instead, to support this statement, the Corps references only the first three paragraphs of the Lorenz declaration, which simply discuss Lorenz's position with the Army and his initial review of the records at issue here. There is no mention of segregability.

these submissions.  A separate order will be issued on this date.

                                            /s/
                              JOHN D. BATES
                      United States District Judge

Dated: December 30, 2009